**Manjeet Singh THIND, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70600.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006.*

Filed Feb. 16, 2007.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Manjeet Thind petitions for review of an immigration judge's (IJ) and the Board of Immigration Appeals' (BIA) adverse credibility determination, the BIA's denial of his motion to terminate for lack of subject matter jurisdiction, and the BIA's denial of his motion to remand and order an expanded record. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and we deny the petition.

Substantial evidence supported the IJ's and the BIA's adverse credibility determination.[1] Moreover, the evidentiary inconsistencies and implausibilities cited by the IJ and the BIA went to the heart of Thind's claim of persecution.[2] Thind did not present evidence so compelling that no reasonable factfinder could find that he was not credible.[3]

The IJ did not lack subject matter jurisdiction over Thind's removal proceeding. No statute or regulation provides that the title of the issuing officer on the notice to appear is a jurisdictional requirement.[4] "In the absence of clear evidence to the contrary, courts presume that public officers properly discharge their duties[.]"[5]

The BIA did not abuse its discretion when it denied Thind's motion to remand in order to expand the record.[6] An IJ has discretion to "exclude from the record any arguments made in connection with motions, applications, requests, or objections."[7] Furthermore, Thind failed to show prejudice, which this Court requires in order to reverse the BIA's decision on due process grounds.[8]

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) (noting standard of review for adverse credibility determinations).

2. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004).

3. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (internal quotation marks omitted).

4. *Kohli v. Gonzales,* 473 F.3d 1061, 1067 (9th Cir.2007).

5. *Id.* (quoting *County of Del Norte v. United States,* 732 F.2d 1462, 1468 (9th Cir.1984)).

6. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003) (explaining that this Court reviews the BIA's denial of a motion to remand for an abuse of discretion).

7. 8 C.F.R. § 1240.9 (2005) (In the case of such exclusion, "the person affected may submit a brief.").

8. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).